HOLLAND FURNACE COMPANY v. DONALD W. SANDWICK AND ANOTHER.

84 N. W. (2d) 657.

June 28, 1957—No. 37,038.

*Paul J. Louisell,* for appellant.
*Vanstrom & Ledin,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for findings and judgment notwithstanding the verdict of the jury or for a new trial, and from the judgment entered.

This is a suit by the plaintiff, Holland Furnace Company, against the defendant, Donald W. Sandwick. It is alleged in the complaint that on March 14, 1955, plaintiff at the request of defendant furnished a furnace, the agreed price of which was $740. The defendant answered the complaint and alleged, among other things, that the plaintiff had represented to him that the company which made his old furnace was out of business and that it was impossible to obtain parts, and further that the new furnace would provide adequate heat at a reduced cost.

The record shows that one Benjamin Sigler, a sales engineer for the plaintiff, called on the defendant on March 11, 1955, and entered into an agreement with the defendant that they would disassemble, repair, recement, and gasproof, and reassemble his old furnace for $35. On March 14 employees of the plaintiff did tear down the old furnace. At about noon of this day, Sigler and the defendant looked over the furnace and it was discovered that the firepots were burned out. Mr. Sigler then told the defendant that the Premier Furnace Company which made the furnace, was out of business and, if parts were available to repair the furnace, it would take from six to eight weeks to receive them. On the other hand, he told the defendant that he could obtain a Holland furnace and have it installed and working by that evening. The defendant also testified that Sigler told him that the new furnace would be more efficient and cheaper to operate than the old furnace. At this point the defendant signed a conditional sales contract for the purchase of one of plaintiff's furnaces, and the furnace was installed that same day.

On March 28, 1955, the defendant wrote to the plaintiff and told it to remove the furnace. In September of that year the defendant wrote another letter and informed the plaintiff that it should remove the furnace within ten days or that he would do so himself. Following this he did remove the furnace and purchased another.

During the course of the trial three letters were placed in evidence. One was a letter written by the defendant to the Premier Furnace Com-

pany discussing the situation between himself and the plaintiff. This letter was introduced by the plaintiff. The other two letters were replies received by defendant in answer to letters he had written to the Premier Furnace Company. These latter two letters were introduced by the defendant and indicated that the Premier Furnace Company was in business and that parts were available. The plaintiff moved the court to withdraw these letters from evidence on the ground that they contained prejudicial hearsay. The court on this motion properly withdrew the letters from evidence.

At the conclusion of the trial the court submitted the issue of fraud to the jury. Shortly after the jury had retired the foreman returned to seek further instructions from the court, specifically asking whether one of the letters from the Premier Furnace Company was allowed in evidence. At that time counsel for the plaintiff had already left the courtroom. Nevertheless the court further instructed the jury to the effect that some letters were received in evidence but had been withdrawn and that the jury then had all of the exhibits that were admitted in the action. However, the court went on to say:

"I might state that there is oral evidence practically corroborating the sending of the letters, and they are not material at any rate under the circumstances. If you have it in the evidence you must consider it."

Following this incident the jury again retired and returned a special verdict in favor of the defendant. The court then made findings of fact and conclusions of law in favor of the defendant.

So far as pertinent to the determination of this case, we consider only two of plaintiff's assignments of error. The first is that the court erred in not granting a new trial on the grounds that the verdict was not sustained by the evidence. The second is that the court erred in its instructions to the jury in the absence of counsel for plaintiff with respect to the withdrawal of certain letters from evidence.

■ With respect to the first assignment of error, the defendant in this case claimed the right to rescind the contract on two claims of fraudulent misrepresentation. The first is that plaintiff's sales engineer stated to the defendant that the Premier Furnace Company was out of business and, if parts were available to repair his old furnace, it would

take some six to eight weeks to obtain them. The second claim of misrepresentation is that the sales engineer told defendant that the Holland furnace would provide adequate heat at a reduced cost. The plaintiff does not argue that these representations were not made but contends that defendant has not sustained his burden of proving that they were false.

With reference to the first representation, after the court withdrew the letters the only competent evidence in the record bearing on the point is that the defendant had sent a letter to the Premier Furnace Company and had received two letters from them. In our opinon that fact standing alone does not justify an inference that the Premier Furnace Company was carrying on business and that parts necessary to repair the defendant's furnace would be available in less than six to eight weeks.

Concerning the second representation, the only relevant evidence in the record is the testimony of the defendant that the Holland furnace kept his house too warm and that when he reduced the size of the fire to lower the temperature it would continually go out. He further stated that, after buying the same amount of coal in the fall prior to the installation of the Holland furnace, he had less coal left over in June of 1955 than in June of previous years. On the other hand, there is no evidence in the record to show that the difficulty defendant had in keeping a fire was due to the furnace rather than to defendant's operation of the furnace or to the coal used. Nor was there any evidence in the record to show that the extra coal used during that entire heating season was caused by the Holland furnace rather than to the old furnace or by an unusually cold winter. It must also be recalled that the new furnace was only in use from March 14 of that year until the end of the heating season.

■ With respect to the second assignment of error, the material part of the court's charge to the jury is set forth above. In our opinion it was error for the court to charge the jury as it did. As stated above, the fact that the defendant sent a letter to the Premier Furnace Company and received letters from them does not justify the inference necessary to sustain this case. Thus, when the court told the jury that there was oral evidence practically corroborating the sending of the letters and that the

letters were not material under the circumstances and "If you have it in the evidence you must consider it" the jury could well have been confused as to just what was meant. In other words, the jury could have received the impression that, even without the letters, there was evidence in the record from which it could conclude that the Premier Furnace Company was still in business and that parts were available.

In our opinion there is a strong possibility of obtaining and introducing more specific and stronger evidence on the question of whether the Premier Furnace Company is actually in business and functioning; as to whether parts were available to repair defendant's old furnace; and as to how long it would have taken to obtain them. Furthermore, it should be possible without much difficulty to obtain stronger evidence on the question of the efficiency or inefficiency of the Holland furnace, particularly with regard to the heat loss, the size of defendant's house, and whether a furnace of this type and size was unsuitable.

Therefore, on the basis of the insufficiency of the evidence and the confusion surrounding the evidence pertaining to the letters to the Premier Furnace Company, we hold that a new trial should be had on all issues.

Reversed and a new trial granted.

MR. CHIEF JUSTICE DELL took no part in the consideration or decision of this case.